IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-3192-M-RJ

DAVID L. SMITH, )
)
        Plaintiff, )
)
v. ) **ORDER**
)
TERRENCE W. BOYLE, et al., )
)
        Defendants. )

On August 14, 2024, David L. Smith ("plaintiff"), a state inmate proceeding *pro se*, filed this complaint under 42 U.S.C. § 1983, Compl. [D.E. 1], and a motion to proceed without prepayment of fees, Mot. [D.E. 2]. Plaintiff later paid the filing fee circa August 22, 2024.

The court now conducts its initial review under 28 U.S.C. § 1915A and, for the reasons discussed below, dismisses the action for failure to state a claim upon which relief may be granted.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Discussion:

Plaintiff names as defendants: U.S. District Judge Terrence W. Boyle; Wake County Magistrate E. Ray Briggs; and Apex, N.C., Police Detective Robert Greg Towel. Compl. [D.E. 1] at 3–4. Plaintiff generally alleges violations of his Fourth and Fifth Amendment rights on September 5, 2003. Id. at 5. As the "place of occurrence(s)," plaintiff states: "While detained in Wake County Jail and Central Prison from Sept. 5, 2003, through Sept. 5, 2006." Id.

Plaintiff specifically alleges: Judge Boyle granted plaintiff leave to proceed in, presumably, Smith v. State of NC, et al., No. 5:03-CT-611-BO (E.D.N.C.); after he paid the filing fee, Judge Boyle dismissed this case without allowing him a fair opportunity to amend "curable defects" in the complaint; Magistrate E. Ray Briggs unlawfully issued a June 11, 2003, warrant for his arrest

2

for involvement in a May 28, 2003, break-in and larceny; Detective Robert Greg Towel "attached latent finger print lift to [the] warrant application that was irrelevant and inadmissible in court [sic]"; and plaintiff "was denied access to courts and due process." Id. at 5–6.

As to his injury, plaintiff asserts: "Plaintiff was arrested and charged [with] involvement in May 28, 2003, criminal activity, when no admissible court evidence was ever presented. Plaintiff offered complete filing fee and was never offered [a] fair opportunity to amend [his] *pro se* complaint." Id. at 7.

For relief, plaintiff asks the court to: "reconsider case 5:03-CT-611-BO"; construe it "as a case with filing fee paid [sic]"; and grant plaintiff leave to amend by directing the clerk to send plaintiff a § 1983 form. Id. at 8.

Plaintiff's instant complaint fails for various reasons. First, Judge Boyle has absolute immunity from civil suit on these grounds. See Pierson v. Ray, 386 U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."); see also Stump v. Sparkman, 435 U.S. 349, 355–56 (1978).

Next, on the facts alleged, Magistrate Briggs also is entitled to judicial immunity. Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) ("As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity. That immunity is vitiated only when the judicial officer acts in the clear absence of all jurisdiction." (internal citations omitted)); see King v. Myers, 973 F.2d 354, 356–57 (4th Cir. 1992); Darling v. Falls, 236 F. Supp. 3d 914, 927 (M.D.N.C. 2017).

Next, plaintiff's complaint fails to plausibly allege that Detective Towel's warrant request violated the Fourth Amendment under the two-pronged test of Franks v. Delaware, 438 U.S. 154

3

(1978). Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); see United States v. Ventresca, 380 U.S. 102, 107 (1965) ("While a warrant may issue only upon a finding of 'probable cause,' this Court has long held that 'the term 'probable cause' * * * means less than evidence which would justify condemnation,' and that a finding of 'probable cause' may rest upon evidence which is not legally competent in a criminal trial." (citations omitted)); Brinegar v. United States, 338 U.S. 160, 171–77 (1949); Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (applying Franks framework to § 1983 Fourth Amendment claims).

Finally, although plaintiff seeks reconsideration of a different, earlier case in this court, his proper avenue for such relief is filing a motion for reconsideration in that earlier case.

## Conclusion:

For the reasons discussed above, the court: DISMISSES the complaint for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1); DENIES AS MOOT the pending motions [D.E. 2, 7, 8, 9, 10, 11, 12, 13, 14, 15]; and DIRECTS the clerk to close the case.

SO ORDERED this 12th day of November, 2024.

RICHARD E. MYERS II
Chief United States District Judge